UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **RONALD FIELDS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | No. 1:07 CV 175 |
| v. ) | |
| ) | |
| **ALEX KENWORTHY,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

Ronald Fields, a *pro se* plaintiff, filed this complaint and a petition seeking to proceed *in forma pauperis*. Fields alleges that he was arrested for being a habitual traffic violator and resisting law enforcement. He states that he bonded out on October 29, 2005 and that a bench warrant was issued for his failure to appear on those charges. He states that he was arrested on that bench warrant and that when he appeared in court, he was asked to plead to the original charges as well as possession of cocaine. He states that he was never arrested, charged, or arraigned for that charge.

Fields alleges that prosecuting attorneys Alex Kenworthy, James Luttrull, and Lisa Glancy violated his rights by offering him this plea agreement. "In initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Offering a plea agreement is a prosecutorial function related to presenting the State's case, therefore Alex Kenworthy, James Luttrull, and Lisa Glancy may not be sued because they have prosecutorial immunity.

Fields alleges that Judge Mark Spitzer, violated his rights by not dismissing all or part of the charges against him. A state court judge is entitled to absolute immunity for judicial acts regarding matters within the court's jurisdiction, even if the judge's "exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 439, 359 (1978). Dismissing charges or deciding not to do so, is a judicial function, therefore Mark Spitzer may not be sued because he has judicial immunity.

Fields alleges that his attorney, Robert J. Bratch, violated his rights by urging him to sign the plea agreement without telling him that it included a cocaine charge. A criminal defense attorney, even an appointed public defender, does not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312 (1981). Liability under 42 U.S.C. § 1983 requires that a defendant act under color of state law. *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001). Furthermore, Fields did not sign the plea agreement and therefore suffered no injury. In order to prevail on a claim, a plaintiff must show actual injury. *See Walker v. Peters*, 233 F.3d 494, 502 (7th Cir. 2000) and *Doe v. Welborn*, 110 F.3d 520, 523-24 (7th Cir. 1997). Because Robert J. Bratch did not act under color or state law and because Fields did not suffer any actual injury, Robert J. Bratch cannot be liable to Fields under § 1983.

Fields has not stated a claim against any of the defendants.

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court

determines that . . . the action  . . . fails to state a claim on which relief may be granted.

28 U.S.C. § 1915(e)(2)(B)(ii). Therefore this case is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

            **SO ORDERED.**

**ENTER:** August 1, 2007

           s/James T. Moody
           JUDGE JAMES T. MOODY
           UNITED STATES DISTRICT COURT